**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELSA NAVARRO NAVARRO,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN,<br><br>Respondent. | Case No.  EDCV 26-2012 PVC<br><br>**MEMORANDUM DECISION AND ORDER ORDERING A BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE** |

Petitioner Elsa Navarro Navarro ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; Fereti Semaia, the Warden of the Adelanto ICE Processing Center; Jaime Rios, Los Angeles Field Office Acting Director; Todd M. Lyons, Acting Director of U.S. Immigration and Customs Enforcement; and Todd Blanche, Acting Attorney General of the United States on April 21, 2026.  (Pet., Dkt. No. 1).  The Petition states that Petitioner has been in immigration custody since November 11, 2025.  (*Id.* at 5).[1]  Petitioner is currently detained at the Adelanto Detention Center in Adelanto, California.  (*Id.*).

---

[1] For ease of reference, when citing to the filings, the Court refers to CM/ECF page numbers generated in the blue ribbon at the top of each page filed on the docket.

Petitioner alleges that her continued detention without a bond hearing violates the Immigration and Nationality Act (*id.* at 7–8), the decision in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025),[2] *reconsideration granted in part*, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (*id.* at 7), and the Due Process Clause of the Fifth Amendment (*id.* at 8).  The Petition seeks relief in the form of an order requiring that Respondents immediately release Petitioner, or alternatively, provide Petitioner an individualized bond hearing before a neutral Immigration Judge, and award Petitioner's reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  (*Id.* at 9).

Respondents filed their Answer on April 28, 2026 ("Answer").  (Dkt. No. 11).  The Answer conceded that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista* (Dkt. No. 11 at 2–3) and that "a bond hearing is an appropriate remedy."  (*Id.* at 3).

On May 20, 2026, Petitioner filed a Traverse, stating that "Petitioner is in accord with Respondent's concessions and would accept the Court's Order for the scheduling of an individualized bond hearing, properly noticed to Petitioner's counsel at least 48 hours prior to the hearing."  (Dkt. No. 12 at 2).

---

[2] On December 18, 2025, the court in *Maldonado Bautista* entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. *See Bautista v. Santacruz*, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Pursuant to the final judgment entered in *Maldonado Bautista*, "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

In light of Respondents' concession that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista*, Petitioner is entitled to a bond hearing.

Therefore, IT IS HEREBY ORDERED that:

1) Within seven days, Respondents release Petitioner or provide her with an individualized bond hearing before a neutral arbiter pursuant to 8 U.S.C. §1226(a), properly noticed to Petitioner's counsel at least 48 hours prior to the hearing and at which Respondents shall bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community;

2) Respondents file a notice of compliance within seven days advising how they complied with this Order; and

3) the parties file a joint status report within 14 days informing the Court of the outcome of any bond hearing, whether any issues remain, and the parties' positions on whether additional briefing is needed on any remaining issues. If so, the parties shall submit a proposed briefing schedule. If not, Petitioner shall within the same 14 days file a motion for voluntary dismissal or the parties shall submit a stipulated judgment.

IT IS SO ORDERED.

DATED: May 21, 2026

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

3